IN RE ADOPTION OF BURTON ET AL.

(No. 481—Decided December 9, 1981.)

Mr. David K. Batsche, for appellant Virgil McCafferty Burton.

Mr. John Womick, for appellee Steven Dart.

CASTLE, P.J. This is an appeal from the denial of appellant's petition for adoption. The petition was denied due to lack of consent to the adoption by the natural father. We affirm.

Stephanie Loraine Dart was born to Steven Dart, appellee, and his former wife on January 3, 1969. Brian LaDrue Dart was born to this couple on November 8, 1972. The children lived with their parents until their parents were divorced on September 30, 1976. The divorce decree gave custody of the children to the mother, required the father to pay child support of $150 per month and to maintain health insurance on the children and further provided for reasonable visitation rights. Subsequently Mrs. Dart, now Mrs. Burton, married appellant. On January 23, 1980, appellant petitioned the probate court for the adoption of Stephanie Loraine Dart and Brian LaDrue Dart. Steven Dart refused to consent to the adoption and the petition was denied on that basis. Appellant brings a timely appeal from the judgment to this court.

Appellant's first assignment of error is that the decision of the trial court was against the manifest weight of the evidence. The essence of appellant's argument is that the trial court incorrectly concluded that the consent of the natural father was necessary for the adoption. In general, the consent of the natural father of a minor is necessary for an adoption of the minor if he was married to the mother of the minor at the time of the minor's conception or birth. R.C. 3107.06(B). There are, however, exceptions to this general rule, one of which is codified at R.C. 3107.07, which reads in part, as follows:

"Consent to adoption is not required of any of the following:

"(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner, whichever occurs first." (Am. Sub. H. B. No. 156, 136 Ohio Laws, Part I, 1845-1846, effective January 1, 1977.)

There is no allegation that the father failed to communicate with the children. The issue is whether the father "failed without justifiable cause * * * to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition * * *." This writer's research has not revealed any detailed interpretation of this statute by the courts. The Supreme Court has, however, stated that in order to dispense with a parent's consent to adoption he or she must have failed to *either* provide support *or* to communicate with the child without justifiable cause for at least one year. *In re Adoption of McDermitt* (1980), 63 Ohio St. 2d 301 [17 O.O.3d 195].

Prior to January 1, 1977, the law concerning the necessity for consent to adoption by the natural parents was governed by R.C. 3107.06 which read, in pertinent part, as follows:

"No final decree or interlocutory order of adoption shall be entered by the probate court unless there is filed with the court written consents to the adoption, verified or acknowledged by the following:

"* * *

"(B) By each of the living parents, adult or minor, except as follows:

"* * *

"(4) If it is alleged in the petition that one or both of the parents have willfully failed to properly support and maintain the child for a period of more than two years immediately preceding the filing of the petition * * *. Proof of failure to properly support and maintain the child for a period of more than two years immediately preceding the filing of the petition shall be prima-facie evidence of willful failure to properly support and maintain the child. The consent of a parent found by the court to have willfully failed to properly support and maintain the child for the period shall not be required." (Am. Sub. S. B. No. 145, 136 Ohio Laws, Part I, 389 at 390.)

A comparison of the two statutes shows that as of January 1, 1977 (Am. Sub. H. B. No. 156, 136 Ohio Laws, Part I, 1845, effective January 1, 1977), the legislature changed the language of the law so that instead of dispensing with the necessity of consent where "one or both of the parents have willfully failed to *properly support and maintain* the child" (emphasis added), the new law dispenses with the necessity of consent where "the parent has failed without justifiable cause * * * to provide for the *maintenance and support of the minor as required by law or judicial decree* * * * (R.C. 3107.07[A])." (Emphasis added.) In addition the legislature has reduced the period for dispensing with the necessity of consent upon failure to support from two years immediately preceding the filing of the petition to one year. (R.C. 3107.07[A].)

Thus, under prior law, the courts focused on what was "proper" support. Clearly the legislature, by changing the language of the statute, has changed our inquiry to whether there has been a failure to support "as required by law or judicial decree." The legislature's new language is apparently intended to provide a clearer standard. We must now interpret the language of the statute in light of this intent.

In the case *sub judice* there is a

judicial decree which provides for monthly support payments and it is uncontroverted that the natural father communicated with his children. In such a situation we interpret R.C. 3107.07(A) as follows: In order for the natural parent to maintain his or her right to avoid an adoption of his or her child by withholding consent the natural parent must pay the full amount of support required by the judicial decree for at least one of the twelve months immediately preceding the filing of the petition or else have "justifiable cause" for failure to comply for at least one of those months. For example, if the natural father of a child communicated with the child but paid only ten dollars per month for support for each of the twelve months preceding the filing of the adoption petition when his divorce decree required twenty dollars per month for support his consent to the adoption is *not* required. He has failed to support as required by judicial decree for that year. If, on the other hand, the natural father is in the same position except that he paid his full twenty dollars in one of those twelve months immediately preceding the filing of the decree his consent to adoption is required even if he paid nothing in the other eleven months of that year because it can not be said that he failed to provide support as required by judicial decree for a whole year immediately preceding the filing of the decree. In other words, full compliance with the decree for monthly support for one of the months in the year immediately preceding the filing of the petition for adoption or a showing of justifiable cause not to comply for one of those months is enough to necessitate the consent of the natural parent to the adoption.

In the case at bar the petition for adoption was filed on January 23, 1980. On January 10, 1980, appellee paid his full child support payment of $150 for January in accordance with the decree of divorce. He also had the children covered by health insurance at that time as required by the decree. Therefore appellee complied with the decree for one of the twelve months prior to the filing of the petition and his consent can not be dispensed with under R.C. 3107.07(A) since it is uncontroverted that he had communicated with the children during the year. The assignment of error is overruled.

In his second assignment of error appellant argues that appellee's failure to pay was not justified by an inability to pay or by the "self-help doctrine" under which appellee allegedly made support payments contingent upon getting his visitation rights.

We certainly agree that the "self-help doctrine" can not be used to justify a failure to pay-support. However, even assuming, *arguendo,* that appellee was able to pay, since we have held that his payment in January 1980 was adequate to necessitate his consent to the adoption any error concerning his inability to pay is thereby rendered harmless. The assignment of error is overruled.

In his third assignment of error appellant alleges that several evidentiary rulings by the trial court prejudiced his case and constitute reversible error. After carefully reviewing the record we conclude that any error committed in the introduction or exclusion of evidence did not constitute prejudicial error. The assignment of error is overruled.

It is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON and KOEHLER, JJ., concur.