**In re ADOPTION OF JORDAN et al.**

[Cite as *In re Adoption of Jordan* (1991), 72 Ohio App.3d 638.]

Court of Appeals of Ohio,
Preble County.

No. CA90–08–016.

Decided Feb. 25, 1991.

640

*George J. Earley*, for appellant, Gail L. Miller.

*Stephen R. Bruns*, for appellees, Thomas W. Jordan and Lisa K. Jordan.

*Per Curiam.*

Appellant, Gail L. Miller, appeals a decision of the Preble County Court of Common Pleas, Probate Division, granting the petition of appellees, Thomas and Lisa Jordan, to adopt Miller's two sons.

Appellant and her husband, John Miller, are the natural parents of Gabriel and Justin. Appellant and her husband are still married but they have not lived together for several years. In 1985, Lisa Jordan, appellant's sister, was appointed guardian of Gabriel and Justin. Appellant consented to the appointment of her sister as guardian. The two boys have lived with Lisa Jordan and her husband, Thomas Jordan, since 1985.

On January 5, 1990, the Jordans filed a petition to adopt Justin and Gabriel. In the petition, they alleged that the natural parents' consent was not required because the parents had failed to support or communicate with the children without justifiable cause for one year prior to the filing of the petition. Both appellant and John Miller denied this allegation.

A hearing was held on May 31, 1990. At the close of the petitioners' case, appellant's counsel moved to dismiss the petition on the grounds that the children's guardian had not been joined as a party and had not stated in writing that she gave her consent to the adoption. The trial judge overruled appellant's motion stating that she had not been prejudiced by "the absence of the formal entry of appearance by the guardian * * *." The judge granted leave to the guardian to file a written notice of consent. That same day, Lisa Jordan, in her capacity as the children's guardian, filed a notice of appearance in which she consented to the adoption.

After considering the parties' memoranda, the trial judge issued findings of facts and conclusions of law in which he concluded that the parents' consent to the adoption was not required. Specifically, he stated that appellant had failed to communicate with her children without justifiable cause for one year prior to the filing of the petition. The trial judge also concluded that it was in the children's best interest that the petition be granted. An entry and order of adoption was filed on July 26, 1990. Appellant filed a timely notice of appeal from this order. John Miller has not appealed the trial court's judgment and he is no longer a party to this action.

Appellant presents the following three assignments of error for our review:

Assignment of Error No. 1:

"The trial court committed error when it failed on the motion of the mother to dismiss the petition for failure to join the guardian of the children as a party."

Assignment of Error No. 2:

"The trial court committed error to the prejudice of the natural mother, Gail L. Miller, in holding that she had failed without justifiable cause to communicate with her children for a period of one year preceding the filing of the adoption petition thereby permitting the adoption of her sons without her consent."

Assignment of Error No. 3:

"The trial court committed error when it failed to hold a best interest hearing."

In her first assignment of error, appellant states that the trial court erred in overruling her motion to dismiss. She argues that because the children's guardian was not joined as a party and because she did not give her consent prior to the close of the petitioners' case, the trial court did not have jurisdiction to grant the petition for adoption. We find this assignment of error is not well taken.

■ R.C. 3107.06 sets forth a list of persons who must consent in writing to an adoption before a petition for adoption may be granted. The legal guardian of the person to be adopted is included in this list. R.C. 3107.06(D). A court is without jurisdiction to render an order of adoption absent proper consent or a finding that consent is not necessary pursuant to R.C. 3107.07. See *In re Adoption of Hupp* (1982), 9 Ohio App.3d 128, 132, 9 OBR 192, 196, 458 N.E.2d 878, 883; *In re Harshey* (1974), 40 Ohio App.2d 157, 161, 69 O.O.2d 165, 168, 318 N.E.2d 544, 547.

■ R.C. 3107.08 states that "[t]he required consent to adoption may be executed at any time after seventy-two hours after the birth of the minor * * *." Construing R.C. 3107.06 together with R.C. 3107.08, we can reasonably conclude that the required consent may be executed any time from seventy-two hours after the birth of a child to be adopted until the time the petition is granted. There is no jurisdictional defect if the required consent is not executed prior to the hearing on the petition or prior to the close of the petitioners' case. In the present case, the guardian gave her consent in writing well before the petition for adoption was granted. Accordingly, the trial court had jurisdiction to grant the petition.

Although we conclude the court had jurisdiction, we must decide whether the failure to join the guardian as a party and to have her written consent prior to the close of the petitioners' case was reversible error. We conclude that under the narrow circumstances of this case it was not. Although the party petitioning for adoption generally has the burden of proving that the required consents have been obtained or excused, *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 18 OBR 419, 481 N.E.2d 613, paragraph four of the syllabus, we fail to see how appellant was prejudiced by any irregularity in procedure considering that Lisa Jordan, one of the petitioners, was the children's guardian. Lisa Jordan was a party before the court and her role as guardian was set forth in the pleadings. It was obvious that she consented to the adoption, and we cannot say that the failure to formally join her as a party affected appellant's substantial rights. See Civ.R. 61. We find that the trial court did not err in overruling appellant's motion to dismiss. Accordingly, her first assignment of error is overruled.

In her second assignment of error, appellant states that the trial court erred in finding that she had failed without justifiable cause to communicate with her children for one year prior to the petition. She argues that this finding is against the manifest weight of the evidence. We find this assignment of error is not well taken.

R.C. 3107.07(A) provides that a natural parent's consent to an adoption is not required where that parent has failed, without justifiable cause, to communicate with the child for a period of one year prior to the filing of the adoption petition. "Pursuant to the explicit language of R.C. 3107.07(A), failure by a parent to communicate with his or her child is sufficient to authorize adoption without that parent's consent only if there is a complete absence of communication for the statutorily defined one-year period." *Holcomb, supra,* at paragraph two of the syllabus. The party petitioning for adoption bears the burden of proving, by clear and convincing evidence, that the parent failed to communicate with the child during the one-year period and that there was no justifiable cause for the failure of communication. *Id.* at paragraph four of the syllabus; see, also, *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 23 OBR 336, 492 N.E.2d 146; *In re Adoption of Masa* (1986), 23 Ohio St.3d 163, 23 OBR 330, 492 N.E.2d 140. Clear and convincing evidence is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus.

We find that there was clear and convincing evidence to support the conclusion that appellant failed to communicate with her sons for the requisite

one-year period. The evidence showed that appellant saw her children only once during that time. Appellant and her mother went to a Christmas program at Justin's school on December 14, 1989. Appellant waved and blew kisses to one or both of the children. She claims that testimony showed that she also spoke to the children briefly, but there was also testimony to the contrary. The trial court concluded that the only interaction between appellant and the children consisted of "a wave, a smile or a nod." The issue is essentially one of credibility and as a reviewing court we will not substitute our judgment for that of the trier of fact. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410, 461 N.E.2d 1273, 1276.

Having reached that conclusion, we must determine whether waving, smiling, and blowing kisses constitute "communication" within the meaning of R.C. 3107.07(A). The statute does not define the term "communicate." We must therefore look to its ordinary and accepted meaning. See R.C. 1.42; *Smith v. Ray* (1948), 149 Ohio St. 394, 398, 37 O.O. 89, 91, 79 N.E.2d 116, 118. Webster's Third New International Dictionary (1986) 460, defines the word "communicate" as "to make known," "to inform a person of, convey the knowledge or information of * * * to send information or messages * * *."

We do not believe that a wave or a smile from across a room fits this definition. This court has held that a father who sent birthday cards to his daughters did not fail to communicate. *In re Adoption of Knisley* (Aug. 17, 1983), Fayette App. No. 82–CA–23, unreported, at 4–5, 1983 WL 4443. In that case the children testified that they had received and *read* the cards. A birthday card conveys information. A wave does not. We agree with the trial court when it stated, "The essence of communication * * * is the passing of a thought from the mind of one person to the mind of another. Simply acknowledging the presence of the other by a wave or a nod does not constitute communication."

 Appellant also argues that she had "justifiable cause" for her failure to communicate. She claims that personal problems and interference by the Jordans kept her from visiting her children. The Ohio Supreme Court has stated that "justifiable cause" is a term of imprecise meaning. *Holcomb, supra,* 18 Ohio St.3d at 367, 18 OBR at 424, 481 N.E.2d at 619. Therefore, the question of whether justifiable cause exists in a particular case is a question of fact for the trial court which will not be disturbed on appeal as long as it is supported by clear and convincing evidence. *Id.* at paragraph three of the syllabus. Additionally, significant interference by the custodian is required before that interference will be considered to establish justifiable cause for a parent's failure to communicate. *Id.*

We find that there was clear and convincing evidence to support the trial court's conclusion that appellant's failure to communicate with her children was without justifiable cause. Appellant alleges that interference by the Jordans kept her from visiting her children. She testified that she called Lisa Jordan on December 16, 1989, about a month before the petition was filed, to arrange a time for her to see her children. The conversation soon degenerated into an argument. Appellant claims that Lisa Jordan threatened to have her arrested if she came on the Jordans' property and then hung up the phone. Appellant called her back to apologize and she again hung up on her. The trial judge did not accept appellant's version of the facts. He concluded that appellant became abusive and that Lisa Jordan's reaction was justified.

We cannot conclude that this one conversation constituted significant interference with the communication between appellant and her children. The record reveals no other instance in the one-year period from January 5, 1989 until January 5, 1990 that appellant attempted to visit her children, even though she knew their address and telephone number and worked only two hundred yards from where they lived. Appellant's failure to communicate was not a result of any interference by her sister; it was a continuation of a pattern long established by appellant in which she rarely visited her children. With even a slight bit of initiative appellant could have arranged visitation, yet she did not. She did not even try to speak to her children on the telephone. Under the circumstances, we conclude that there was no justifiable cause for appellant's failure to communicate. Accordingly, her second assignment of error is overruled.

In her third assignment of error, appellant states that the trial court erred when it failed to hold a best-interest hearing. She argues that the hearing on May 31, 1990 involved only the issue of whether the parents' consent was necessary and no evidence was introduced as to whether the adoption was in the best interest of the children. We find this assignment of error to be well taken.

R.C. 3107.14(C) states that at the conclusion of the hearing on a petition for adoption, if the trial court finds that the required consents have been obtained or excused and that the adoption is in the best interest of the person sought to be adopted, it may issue a final or interlocutory decree of adoption. Thus, an adoption proceeding is a two-step process involving a "consent" phase and a "best-interest" phase. Even if a court determines that a parent's consent is not required, it must still make a separate determination that the adoption is in the child's best interest. *In re Adoption of Jorgensen* (1986), 33 Ohio App.3d 207, 209, 515 N.E.2d 622, 624; *In re Adoption of*

*Prows* (Mar. 5, 1990), Butler App. No. CA88–09–132, unreported, at 6–7, 1990 WL 20097.

In the present case, the hearing held on May 31, 1990 exclusively focused on whether the parents' consent was required before the adoption petition could be granted. No evidence was presented relating directly to whether the adoption was in the best interest of the children. In its findings of facts and conclusions of law, the trial court concluded that "[a]lthough the hearing on the 31st of May was directed to the issue of consent, more than enough evidence was introduced to resolve the remaining issues, and it would be pointless to take further evidence on these matters." The court then concluded that granting the petition was in the children's best interest.

We disagree with this conclusion by the trial court. R.C. 3107.11(A)(3) requires that the court give notice of the time and place of a best-interest hearing "to a person whose consent is dispensed with upon any ground mentioned in [R.C. 3107.07(A)] but who has not consented." This requirement is meaningless in the absence of a hearing and a right to attend and be heard. *Jorgensen, supra,* 33 Ohio App.3d at 210, 515 N.E.2d at 625.

"Thus, until the hearing on the merits of the petition and the best interest of the minor child has been determined the natural parent not only retains parental rights and responsibilities but retains an overriding interest in being heard relevantly on the issue of whether the proposed adoption would be in the best interest of the child. It is not difficult to imagine a scenario where a natural parent, even though he or she could not bar the adoption by withholding consent, could offer evidence of probative value that the adoption proposed would not be in his or her child's best interest. 'Generally, nonconsenting parents are entitled to a hearing.' (Citations omitted.) *Id.* at 209–210, 515 N.E.2d at 624–625.

Accordingly, we hold that the trial court erred in failing to hold a "best-interest" hearing. It is at least within the realm of possibility that the adoption is not in the children's best interest even though parental consent was not required. Accordingly, appellant's third assignment of error is sustained.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment accordingly.*

JONES, P.J., KOEHLER and WILLIAM W. YOUNG, JJ., concur.