**In re ADOPTION OF EBLIN.**

[Cite as *In re Adoption of Eblin* (1998), 126 Ohio App.3d 774.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–97–64.

Decided March 24, 1998.

*Eric L. Hendricks, pro se.*

*Brent W. Yager,* for appellee.

EVANS, Judge.

This is an appeal from the judgment of the Court of Common Pleas of Marion County, Probate Division, granting the petition of Todd E. Eblin ("appellee") for the adoption of Derick Lee Eblin over the objection of appellant Eric L. Hendricks, Derick's natural father.

On November 26, 1996, appellee filed his petition to adopt Derick, the five-year-old son of appellee's wife, Cheryl Eblin. At that time, Derick's father, Eric ("appellant"), was serving a prison term for his conviction on charges that had arisen out of marital difficulties between Cheryl and Eric. Appellee's petition,

filed pursuant to R.C. 3107.06(B) and 3107.07(A), alleged that the adoption should take place without the consent of Derick's father, due to his lack of communication with the child in the preceding year.[1] The probate court found that, pursuant to R.C. 3107.07, appellant's consent was not required for the adoption to take place. This finding was made following a hearing on the communication issue. Appellant was incarcerated at the time of this hearing and was therefore not present for the hearing. Following a second hearing, the court found that it would be in Derick's best interest to be adopted by the petitioner and issued a final decree of adoption on August 7, 1997.

The trial court filed its judgment entry on the issue of appellant's communication with Derick on June 18, 1997. Pursuant to Ohio law, that entry was final and appealable. See *In re Adoption of Greer* (1996), 70 Ohio St.3d 293, 297–298, 638 N.E.2d 999, 1003 ("a trial court's finding pursuant to R.C. 3107.07 that the consent to an adoption of a party described in R.C. 3107.06 is not required is a final appealable order"); *In re Adoption of Jorgensen* (1986), 33 Ohio App.3d 207, 208, 515 N.E.2d 622, 623–624. However, pursuant to App.R. 4(B)(5), even though the court's judgment was a final appealable order, it is considered a "partial final judgment" that is appealable alternatively thirty days after the court renders a final order on all issues in the case. As provided by the rule:

"If an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order entered under Civ. R. 54(B),[2] a party may file a notice of appeal within thirty days of entry of the judgment or order appealed or the judgment or order that disposes of the remaining claims." (Footnote added.)

Accordingly, we find appellant's notice of appeal, filed on September 5, 1997, to be timely filed as to both the consent decision and the best-interests decision.

Appellant has, *pro se*, appealed the court's granting of the adoption petition, setting forth two contentions. First, appellant claims that the trial court erred in finding that his consent to the adoption was not required because there was evidence before the court that appellant had tried from prison to sustain contact

---

1. The statutes provide that adoption may take place without a natural parent's consent if, during the year preceding the filing of the petition or the placement of the child in the home of the petitioner, the parent failed, without justifiable cause, to support or communicate with the child. R.C. 3107.07(A).

2. See *State ex rel. A & D Limited Partnership v. Keefe* (1996), 77 Ohio St.3d 50, 57, 671 N.E.2d 13, 18, wherein the Supreme Court of Ohio held as follows:

"App.R. 4 does not grant a party a right to appeal; it affects only the time in which a party who has the right to appeal must file the notice of appeal. * * * App.R. 4(B)(5) specifically excludes cases involving judgments or orders made appealable under Civ.R. 54(B)."

with his son, but his efforts were continually, if not deliberately, frustrated by Derick's mother. Appellant complains that the court disregarded or overlooked the evidence that appellant sent numerous letters and made numerous telephone calls to contact his son, and that Derick's mother admitted interfering with these attempts by discarding letters unread, disconnecting the telephone, failing to notify anyone of changes of address, and by conveniently "forgetting" to obtain the necessary notarized information requested by appellant's mother. Appellant also contends that the trial court improperly placed upon appellant the burden of proving that if there was a lack of communication, or attempted communication, between him and his son it was with justifiable cause.

■ Although it is clear in Ohio that failure by a parent to communicate with his child is a ground for a finding that the parent's consent is not required for an adoption to take place, it must be found by the court that there "is a complete absence of communication for the. statutorily defined one-year period, unless there exists justifiable cause for the failure of communication." *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 368, 18 OBR 419, 425–426, 481 N.E.2d 613, 620–621. In *Holcomb*, the Ohio Supreme Court held:

"No burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable. The statute is not framed in terms of avoidance, but is drafted to require petitioner to establish each of his allegations, including failure of communication and lack of justifiable cause."

■ Pursuant to *Holcomb*, we find that appellant's first assignment of error is well taken. Following our review of the record, we find that the trial court, in the judgment entry on the communication issue, placed the burden of proof on appellant. This was error. The trial court placed an unlawful burden on appellant to prove that there was justifiable cause for his failure (if there was such failure) to communicate with Derick from prison, rather than placing the burden of proof on the petitioner. See *Holcomb*.

■ Further, our review of the record also establishes that the evidence adduced at the consent hearing was insufficient even to establish appellee's case by a preponderance of the evidence, much less by the clear and convincing evidence required. See *Cross v. Ledford* (1954), 161 Ohio St. 469, 479, 53 O.O. 361, 365, 120 N.E.2d 118, 124. The Supreme Court of Ohio, in *Ledford*, at paragraph three of the syllabus, found that a petitioner must prove each of his allegations by clear and convincing evidence, producing in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. In *Holcomb*, 18 Ohio St.3d at 368, 18 OBR at 425–426, 481 N.E.2d at 620–621, the Supreme Court noted the role of an, appellate court in reviewing a decision based upon the heightened standard required in this case:

"Once the clear and convincing standard has been met to the satisfaction of the probate court, the reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof. [Clear and convincing evidence requires proof that would 'produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus. Thus, the probate court's determination should not be reversed unless it is not supported] by clear and convincing evidence." See *In re Adoption of Hedrick* (1996), 110 Ohio App.3d 622, 626, 674 N.E.2d 1256, 1259.

Following our review of the record, we find that the probate court erred by deciding the communication/consent issue on less than clear and convincing evidence. Accordingly, we conclude that the petitioner in this case failed to prove by clear and convincing evidence that there was no communication or attempted communication with Derick by appellant, and, even if there was no communication, that there was no justifiable cause for that failure to communicate. Appellant's first assignment is sustained.

Appellant also contends that the court erred in finding that it was in Derick's best interest to be adopted by his new stepfather, because the evidence demonstrates that the Eblins have each been involved in two previous short-term marriages, and their present marriage is only six months old and therefore not proven to be stable. However, in light of our reversal of the trial court's judgment based upon appellant's first assignment of error, we find the second assignment of error moot. See App.R. 12(A)(1)(c).

Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court.

*Judgment reversed.*

HADLEY, J., concurs.

THOMAS F. BRYANT, J., concurs separately.

THOMAS F. BRYANT, J., concurring separately.

I concur in the determination that the issues raised by the assignments of error are properly before us for appeal. However, I concur further only in the

judgment of reversal for error of the trial court as a matter of law in casting on the father the burden of proving his communication with his child within one year before the petition for stepparent adoption was filed. In my view, the remaining matters discussed in the majority opinion are moot and the findings of fact gratuitous.