OPINION
Petitioner-appellant, Verna Beck, appeals the decision of the Clermont County Court of Common Pleas, Probate Division, dismissing her petition to adopt her grandchildren without the consent of respondent-appellee, Alesa Beck.
Appellant is the paternal grandmother of Stephen Beck, born April 3, 1990, and Courtney Beck, born October 10, 1991. Appellant's son, Patrick Beck ("Beck"), is the children's father, and appellee is their mother. Beck and appellee were married on September 17, 1988 in Phoenix, Arizona. At some point in 1991, Beck and appellee separated. The children continued to reside with appellee in Arizona.
In June 1994, appellee agreed to allow the children to visit appellant for one month in Florida. Appellee testified that near the end of the visit, rather than bring the children back to Arizona, appellant provided appellee with a one-way plane ticket to Florida. When appellee arrived in Florida, appellant convinced appellee to commit herself to a drug rehabilitation program. While appellee was undergoing rehabilitation, Beck informed her that he was taking the children and moving to Hawaii. Appellee left rehabilitation early to follow Beck and the children to Hawaii.
The family lived together for about one month in Hawaii, but in October 1994, appellee flew back to Arizona with the children. Appellee made no attempt to communicate with Beck or appellant, nor did she provide them with a current address or phone number. Beck subsequently moved from Hawaii to Ohio and moved in with appellant.
Beck hired a private investigator, who located appellee and the children living in Glendale, Arizona. On November 18, 1994, appellant and Beck flew to Glendale and located appellee at the address provided by the investigator. When appellee opened the door to her apartment, appellant and Beck forced their way in. Beck physically carried the children out while appellant kept appellee pinned against the wall. Appellee notified the local police, but ultimately, her attempts to locate appellant, Beck, and the children were unsuccessful.
Beck and appellant returned to Ohio, and Beck filed for a divorce on January 17, 1995. Appellee was served with the complaint. The complaint listed Beck's address in Amelia, Ohio where Beck had lived with a friend for several weeks prior to moving in with appellant. Appellant claims that notice of the final pre-trial hearing was mailed to appellee, but there is some dispute regarding whether the envelope was addressed correctly and whether appellee actually received the notice. Appellee never filed an answer, and the divorce proceeded uncontested. The final decree was entered on May 26, 1995. Neither party was ordered to pay child support, and Beck was named the residential parent. Appellee testified that she never received a copy of the final decree.
Due to the instability of Beck and appellee's relationship, and their history of substance abuse, appellant filed for custody of the children on March 18, 1996. Appellant was granted legal custody on June 3, 1996. Then on February 19, 1998, appellant filed for adoption. On April 2, 1998, Beck consented to the adoption. In her petition, appellant alleged that appellee's consent was not required because appellee had failed to communicate with the children without justifiable cause for one year.
Joy M. Albi, Esq. had been appointed to represent Beck in obtaining his consent. After Beck gave consent, Albi provided no further representation for him. On April 7, 1998, Albi was appointed to represent appellee at the August 27, 1998 hearing regarding the necessity of appellee's consent to the adoption.
In its September 23, 1998 decision/entry, the probate court dismissed appellant's petition for adoption stating that the adoption could not proceed absent appellee's consent. Appellant filed this appeal raising four assignments of error. We note that Beck did not appeal and is no longer a party to this action.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FAILING TO DISQUALIFY ATTORNEY APPOINTED TO REPRESENT MOTHER AND FATHER WHEN CONFLICT OF INTEREST EXISTED.
In her first assignment of error, appellant argues that Albi should have been disqualified from representing appellee because Albi had previously represented Beck and therefore a conflict of interest existed.
As a general rule, a stranger to an attorney-client relationship lacks standing to complain of a conflict of interest in that relationship. Morgan v. North Coast Cable Co. (1992),63 Ohio St.3d 156, syllabus. In other words, courts do not disqualify an attorney unless there is (or was) an attorney-client relationship between the party seeking disqualification and the attorney the party seeks to disqualify. Id. at 159.
We note that Beck is no longer a party to this action, and it is undisputed that appellant has never been in an attorney-client relationship with Albi. Therefore, as a stranger to the attorney-client relationship, appellant lacks standing to assert that a conflict of interest exists. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE PROBATE COURT ERRED IN FINDING THAT MOTHER WAS FORCIBLY DEPRIVED OF CUSTODY BY APPELLANT'S REMOVAL AND SUBSEQUENT RELOCATION TO OHIO.
Assignment of Error No. 3:
 THE PROBATE COURT'S FINDING THAT MOTHER'S LIMITED FINANCIAL MEANS AND FREQUENT RELOCATION OF THE CHILDREN EFFECTIVELY PREVENTED MOTHER FROM ESTABLISHING CONTACT OR CUSTODY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW.
Assignment of Error No. 4:
 THE PROBATE COURT ERRED TO THE PREJUDICE OF APPELLANT IN DISMISSING HER PETITION FOR ADOPTION BECAUSE APPELLANT CHOSE TO LEAVE THE STATE WITHOUT NOTIFYING THE COURT OF THE AGENCY APPOINTED TO CONDUCT THE HOME STUDY AND SUPERVISE PLACEMENT.
Because appellant's second, third, and fourth assignments of error require the same analysis, we will consider them together.
R.C. 3107.06 sets forth a list of persons who must consent to an adoption before a petition to adopt may be granted. Unless specifically excluded under R.C. 3107.07, the mother of a minor must provide consent before the adoption may proceed. R.C.3107.06(A). This court has previously stated that "[a] court is without jurisdiction to render an order of adoption absent proper consent or a finding that consent is not necessary pursuant to R.C. 3107.07." In re Adoption of Jordan (1991), 72 Ohio App.3d 638,642.
R.C. 3107.07(A) authorizes the adoption of a minor child without the consent of a parent if that parent "has failed without justifiable cause to communicate with that child for a period of at least one year." In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, paragraph one of the syllabus. The party petitioning for the adoption bears the burden to prove by clear and convincing evidence that there was no justifiable cause for the parent's failure to communicate. Id. at paragraph four of the syllabus. Once the petitioner has established by clear and convincing evidence that the natural parent has failed to communicate for the requisite one-year period, the burden of going forward with evidence shifts to the natural parent to show some facially justifiable cause for such failure. In re Adoption of Taylor
(Mar. 22, 1993), Brown App. No. CA92-07-013, at 5, citing In reAdoption of Bovett (1987), 33 Ohio St.3d 102, paragraph four of the syllabus. However, the burden of proof remains with the petitioner. Taylor at 5.
The petitioner is required to meet the clear and convincing quantum of proof because cases such as these involve the termination of a parent's fundamental right to manage and care for his or her children. See Holcomb at 367, citing Santosky v.Kramer (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 1394. In addition, we note that R.C. 3107.07 is to be strictly construed to protect the interest of the nonconsenting parent who may be subjected to the forfeiture of fundamental parental rights.Holcomb at 366.
The question of whether justifiable cause has been proven by clear and convincing evidence is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. In re Adoptionof Masa (1986), 23 Ohio St.3d 163, paragraph two of the syllabus. The probate court serves as the finder of fact to determine whether or not justifiable cause exists because the probate court is in the best position to observe the demeanor of the parties, and to assess the credibility and accuracy of their testimony. Holcomb at 367.
At the August 27, 1998 hearing, appellee testified that Beck and appellant had actively concealed the children's whereabouts from her over the course of the preceding year. Appellee testified that appellant and Beck refused to provide her with a current phone number and address for the children in Ohio. Appellee testified that she lacked the financial resources to hire a private investigator, and that she also could not afford to make the trip to Ohio to seek out the children on her own.
To the contrary, appellant and Beck claimed that they had never concealed the children's whereabouts, and that they had provided appellee with the correct phone number and address on several occasions. Appellant and Beck claimed that, despite their attempts to initiate communication with appellee, she refused to have any part in the children's lives.
After weighing the credibility of all the conflicting testimony, the probate court evidently found appellee's testimony to be credible. Since this is essentially an issue of credibility, as a reviewing court we will not substitute our judgment for that of the trier of fact. Jordan,72 Ohio App.3d at 644, citing Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77.
Appellee's testimony provided justifiable cause for her failure to communicate with the children because Beck and appellant created a substantial impediment to the communication. See Holcomb at 367. We cannot say that the probate court's decision was against the manifest weight of the evidence. Appellant failed to prove by clear and convincing evidence that appellee lacked justifiable cause for her failure to communicate with the children. Appellant's second, third, and fourth assignments of error are overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.