[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY AND OPINION
Appellant Robert Koenig appeals from the decision of Court of Common Pleas, Probate Division, granting the petition to adopt the appellant's biological daughter, KL, filed by George Kasunic. Deborah Kasunic (fka Deborah Koenig), KL's mother, consented to the adoption. This court has previously held that pursuant to R.C. 3107.07 the consent of the appellant was not required to permit the adoption to proceed. In Re KLK (April 12, 2001), Cuyahoga App. No. 78144, appeal dismissed in 92 Ohio St.3d 1421,748 N.E.2d 1142.
On December 11, 2001, the trial court held the hearing on the adoption petition to determine the suitability of George Kasunic to become the parent of KL. The court heard testimony from Deborah Kasunic; George Kasunic; Grace Shore Kassouf, the social worker who prepared the home study; Vicky Britting, the mother of Deborah Kasunic; Edward Kasunic, George Kasunic's brother; Margaret Selesky, George Kasunic's cousin; and John Britting, Deborah Kasunic's brother. Each of these witnesses testified as to the relationship between George Kasunic and KL. The testimony overwhelmingly indicated that George Kasunic was a suitable and appropriate parent for KL.
At the close of the evidence presented by the petitioner, the appellant took the stand. The appellant's counsel inquired as to the efforts the appellant had made to make contact with KL in the interim between the consent hearing and the suitability hearing. Counsel for the Kasunics objected and the court ruled, Sustained. Suitability of the petitioner. (T. 32). Appellant's counsel proceeded to ask two more questions related to Koenig's attempts to contact his biological daughter and both objections made by petitioner's counsel were sustained. The court instructed the appellant's counsel to Just move on to suitability of the petitioner. (T. 33). At this point, the appellant rested.
The appellant's counsel indicated to the trial court that he would like to proffer the appellant's testimony and that he wanted a copy of the transcript of the prior proceeding. The court stated: THE COURT: We're past the first one, Mr. Wick. Don't you understand what this case is about. We're here for the suitability of this petitioner, that's all. You are permitted to put on evidence to show me that he is not suitable. That he's a criminal, he's a thief, now something like that would make me doubt him as a potential parent.
All of the other stuff and his testimony before is not relevant to this hearing, understand? (T. 34).
Appellant's counsel politely disagreed with the court, but could provide the court with no case law to support his argument. After closing argument, the trial court granted Mr. Kasunic's petition for adoption. The court stated that it was satisfied that Mr. Kasunic was a proper parent and the adoption was in the best interest of the child.
After the conclusion of the suitability hearing, counsel for the appellant began to proffer the appellant's testimony in the record. Instead of just noting for the record what the content of Mr. Koenig's testimony would have been, counsel placed Mr. Koenig on the stand and began to question him.[1] The questions placed by counsel to Koenig pertained to Koenig's efforts to contact KL since the consent hearing. On the record, petitioner's counsel objected to the line of questioning and objected to some of the appellant's exhibits. (Proffer T. 3-7).
When the judge re-entered the court room his displeasure was evident. The court inquired as to the nature of the proffer, and counsel responded, Evidence of Mr. Konig's (sic) continued efforts since our last hearing to access his daughter via mail, via his visitation as we believe still effective divorce decree affording him visitation rights. (Proffer T. 10). The court informed counsel that the appellant's right to visitation no longer existed and that the only issue before the court in the second hearing was the suitability of the petitioner. Counsel could provide the court with no authority for the appellant's position. The judge stated that belaboring the case was not in the best interest of the child.
In this appeal, the appellant sets forth two bases for his contention that the trial court erred in granting the petition to adopt. The appellant first asserts that the trial court erred in granting the petition without permitting the appellant to proffer evidence for the record. The appellant's second assertion is more complex and he is apparently arguing that the trial court misconstrued R.C. 3107.11(A) and that the court considered the suitability hearing for the adoptive parent to be a formality.
Tuning first to the evidentiary issue, this court notes that Evid.R. 103(A)(2) provides for an offer of proof in cases where evidence was excluded by the trial court. Where proffered evidence is not relevant, the trial court does not err in finding the evidence to be inadmissible. City of Akron Hous. Appeals Bd. v. Zindle(May 31, 2000), Summit App. No. 19822. However, the general rule is that proffers of evidence on direct examination should be freely permitted pursuant to Evid.R. 103(A). Fireman's Fund Ins. Co. v. Mitchell-Peterson, Inc. (1989),63 Ohio App.3d 319, 578 N.E.2d 851. This court in State v. Martin (June 19, 1997), Cuyahoga App. No. 70874, cited to Cleveland v. Houston (July 28, 1994), Cuyahoga App. No. 65897, for an explanation of the rationale behind the general rule. This court indicated that an offer of proof serves the salutary purpose of assisting an appellate court in determining whether the lower court's exclusion of certain evidence was prejudicial to a substantial right of the complaining party. State v. Martin, supra.
In the matter before this court, while counsel was prohibited from proffering by way of simulated testimony, the trial court inquired as to the nature of the proffered evidence. Counsel responded that the proffer would consist of evidence of Mr. Koenig's continuing efforts to visit his daughter and to mail her cards and letters. Thus, the trial court did permit counsel to proffer the substance of the appellant's testimony into the record. There is a sufficient indication in the record as to the evidence that the appellant wished to present to enable this court to agree with the trial court's conclusion, the proffered evidence was not relevant to the suitability hearing. The appellant's first assignment of error is not well taken.
Turning to the appellant's second contention, this court finds that the trial court did not misconstrue R.C. 3107.11(A). An adoption proceeding involves a two-step process consisting of a consent phase and a best interest phase. In re Adoption of Ridenour(1991), 61 Ohio St.3d 319,574 N.E.2d 1055; In re Adoption of Jordan (1991), 72 Ohio App.3d 638,645, 595 N.E.2d 963; In re Lindsey B (July 13, 2001), Lucas App. No. L-01-1197.
Adoption matters are decided on a case-by-case basis through the exercise of the discretion granted a trial court to determine matters such as the best interest of the child. In re Adoption of Charles B (1990), 50 Ohio St.3d 88, 90, 552 N.E.2d 884. While adoption has the effect of terminating a natural parent's rights, see R.C. 3107.15(A) (1), such is not the purpose of an adoption. The primary purpose of an adoption proceeding is to find a child a stable and loving home. In re Adoption of Kohorst (1992), 75 Ohio App.3d 813, 817, 600 N.E.2d 843.
Until the hearing on the merits of the petition and the best interest of the minor child has been determined, the biological parent retains parental rights and responsibilities. In re Adoption of Jordan (1991),72 Ohio App.3d 638, 595 N.E.2d 963. The biological parent also retains an overriding interest in being heard on the issue of whether the proposed adoption would be in the best interest of the child. Id. As the court noted in In re Adoption of Jordan, it is not difficult to imagine a scenario where a biological parent, even though not able to bar the adoption by withholding consent, could offer evidence of probative value that the adoption proposed would not be in his or her child's best interest.
Given the considerable discretion enjoyed by the trial court in determining whether an adoption is in the best interest of the child, R.C. 3107.14(C); Charles B, 50 Ohio St.3d at 94, absent an abuse of discretion, a reviewing court may not reverse a trial court's decision. An abuse of discretion implies more than an error of law or of judgment. Rather, an abuse of discretion suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Furthermore, an appellate court should not substitute its judgment for that of the trial court when competent, credible evidence supports the trial court's decision. In re Adoption of Deems (1993), 91 Ohio App.3d 552, 558, 632 N.E.2d 1347. In Davis v. Flickinger (1997), 77 Ohio St.3d 415, 420, 674 N.E.2d 1159.
In the case sub judice, the trial court properly ensured that the appellant was served with notice of the hearing and was provided with an opportunity to participate. The trial court heard and considered the evidence presented by the petitioner regarding his suitability to parent KL and the court affirmatively indicated to the appellant that if he had any relevant evidence the court would receive it. The court heard and considered the evidence as required by law and there is absolutely no indication in the record that the trial court considered this hearing to be a mere formality. However, the appellant's participation in the hearing was properly limited to evidence concerning the suitability of the petitioner. The trial court did not abuse its discretion in excluding irrelevant evidence pertaining to the appellant's attempts to contact KL prior to the suitability hearing.
The appellant's second assignment of error is not well taken.
Judgement affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Probate Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TIMOTHY E. McMONAGLE, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1] It appears from the transcript that trial counsel was actually seated on the trial court's bench while he was questioning his client. The trial court, appropriately, was not pleased.