OPINION
{¶ 1} On April 7, 2005, Michael Cox filed a petition to adopt his wife's daughter, S.L.C. Her father, Gary Lentz, was identified as a person whose consent to the adoption is not required. The grounds alleged for denying the father's right of consent were that he had failed without justifiable cause to communicate with and/or to provide support for the child within the preceding year. R.C. 3107.07.
 {¶ 2} Gary Lentz had been incarcerated since 1992 on a conviction for a criminal offense, and was a prisoner in the Allen County Correctional Institution when the petition for adoption was filed. On April 11, 2005, the Probate Court issued instructions to the Sheriff of Miami County to serve Gary Lentz notice of the petition for adoption and the grounds alleged. The Notice stated that a hearing on the petition would be held on June 29, 2005, at 1:30 p.m. On May 6, 2005, the sheriff filed a return stating that he had served the Notice on Gary Lentz on April 27, 2005.
 {¶ 3} Gary Lentz filed no response to the Notice prior to the June 29, 2005 hearing. On that same date, the court found both grounds alleged and held that Lentz's consent was not required. The court entered a final decree of adoption on that same date.
 {¶ 4} On July 8, 2005, the court received a letter from Gary Lentz objecting to the proposed adoption. A second motion from Lentz was received on July 19, 2005. On August 4, 2005, a copy of a letter Lentz sent to Robert B. Coughlin, attorney for Petitioner Michael Cox, was filed. On October 11, 2005, the probate court caused Lentz's letter to be filed as his notice of appeal to this court. On October 20, 2005, we denied Appellee Michael Cox's motion to dismiss for failure to file the notice timely, pursuant to App.R. 4(A), finding that the time did not begin to run when the decree of adoption was entered on June 29, 2005, because the clerk had failed to enter the notation of service required by Civ.R. 58(B).
 {¶ 5} Gary Lentz presents three assignments of error on appeal. For his first, Lentz contends that he was not served with notice of the petition for adoption and the June 29, 2005 hearing date on the issue of his consent pursuant to Civ.R. 4.2(E). That provision requires service on incompetent persons by service on the official in charge of the institution to which the incompetent person is confined.
 {¶ 6} The record fails to reflect that Gary Lentz is incompetent. Incarceration for a criminal offense does not render a defendant incompetent. Further, the record shows that Lentz was personally served in the manner prescribed by Civ.R. 4.1(B). The first assignment of error is without merit, and is overruled.
 {¶ 7} For his second assignment of error, Lentz argues that Michael Cox knowingly perpetrated a fraud on the court. Lentz contends that there was a justifiable cause for his failure to communicate with his daughter per R.C. 3107.07, because his former wife had interfered with his right to do that by twice filing with prison authorities a "direct order to cease correspondence." Where custodial parent interferes to a significant degree with communication, justifiable cause may be found. In re Adoption of Hupp (1982), 9 Ohio App.3d 128. Suggesting that such an order was honored by prison authorities, Lentz contends that had he attempted to communicate with S.L.C. he would have lost his job assignment, pay for work performed, and suffered other sanctions.
 {¶ 8} Lentz failed to file any form of objection or explanation of this alleged circumstance with the Probate Court prior to the scheduled hearing on the issue of consent that was held on June 29, 2005. The letters he sent were received by the court after the court found that Lentz's consent is not required and the court had entered a final decree of adoption. Therefore, we cannot find that the court abused its discretion when it found that Lentz failed without justifiable cause to communicate with his daughter within the term prescribed by R.C. 3107.07.
 {¶ 9} Lentz further suggests that his fraud claim was made pursuant to Civ.R. 60(B)(3), which permits a court to vacate a final order on a finding of fraud, misrepresentation, or other misconduct by a party. Lentz's letters did not request Civ.R. 60(B) relief, and after the court had caused his letter of August 4, 2005, to be filed as Lentz's notice of appeal the court was deprived of jurisdiction to grant Civ.R. 60(B) relief. However, our resolution of Lentz's third assignment of error renders moot any error in failing to grant Civ.R. 60(B) relief, because we reverse and vacate the final decree of adoption to which Civ.R. 60(B) relief may apply. That will also cause the court's order finding that Lentz's consent to adopt to be an interlocutory order subject to modification by the court. The court may, in its discretion, then consider the allegations in Lentz's letters in relation to that issue. Lentz's second assignment of error is overruled.
 {¶ 10} For his third assignment of error, Lentz argues that adoption is not in his daughter's best interest. The court must find that the child's best interest will be served by adoption before an adoption is ordered. R.C. 3107.14(C). The factors the court must consider in making a best interest finding are set out in R.C. 3107.161(B).
 {¶ 11} Again, as with the matter of his consent to adopt, Lentz put nothing before the Probate Court with respect to the best interest issue. However, after his right of consent was adversely determined against him pursuant to R.C. 3107.07, Lentz was one of those several classes of persons who, pursuant to R.C.3107.11(A)(2), are entitled to twenty days notice of a hearing held to determine the merits of the adoption petition and to appear and contest a best interest finding. In re Adoption ofGroh, 153 Ohio App.3d 414, 2003-Ohio-3087. To that end, after determining that parental consent is not required pursuant to R.C. 3107.07, the probate court must conduct a second evidentiary hearing to decide the best interest of the child. Groh; In reAdoption of Kuhlmann (1994), 99 Ohio Ap.3d 44; In re Adoptionof Jordan (1991), 72 Ohio App.3d 638.
 {¶ 12} The court found that Gary Lentz was not entitled to object to his daughter's adoption on June 29, 2005, and on the same date found that adoption was his daughter's best interest and entered its final decree of adoption. Lentz was therefore prevented from exercising his right to contest the best interest issue. The court erred in failing to conduct a second hearing for that purpose after giving Lentz at least twenty days prior notice.
 {¶ 13} Though Lentz's contentions in support of the error he assigns concern for the most part the merits of the court's best interest finding, he does cite Jordan and Kuhlmann to the effect that he was denied the notice to which he was entitled. Therefore, and in view of the rule that the right of natural parents to raise and nurture their children must be strictly construed, In re Adoption of Schoeppner (1976),46 Ohio St.3d 31, we necessarily find that Lentz was deprived of his due process right to notice and an opportunity to be heard on the issue of best interest when his rights as a parent were judicially defeated. The third assignment of error is sustained.
 {¶ 14} Having sustained the third assignment of error, we will reverse and vacate the decree of adoption and remand for further proceedings.
Brogan, P.J. and Wolff, J., concur.