[Cite as *In re Adoption of A.L.H.*, 2015-Ohio-3317.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| | : | Hon. John W. Wise, J. |
| IN RE ADOPTION OF A.L.H. | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | Case No. 15CA07 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Court of Common Pleas, Probate Division, Case No. 20145014 |
| JUDGMENT: | REVERSED AND REMANDED |
| DATE OF JUDGMENT ENTRY: | August 18, 2015 |

APPEARANCES:

| For Petitioners-Appellants: | For Mother-Appellee: |
|---|---|
| CHARLES D. LYNCH | No Appearance |
| 6 West 3rd St. -- #200 | |
| Mansfield, OH 44902-1200 | |

*Delaney, J.*

{¶1}   Petitioners-Appellants Paternal Grandparents appeal the January 8, 2015 judgment entry of the Richland County Court of Common Pleas, Probate Division.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   Petitioners-Appellants Paternal Grandparents were given legal custody of their grandchild, A.L.H. on March 1, 2013 by the Crawford County Court of Common Pleas, Juvenile Division. A.L.H. had originally been placed with Paternal Grandparents in June 2012. Mother-Appellee was determined unable to care for A.L.H. due to her incarceration and heroin addiction. Pursuant to an order by the Crawford County Court of Common Pleas, Juvenile Division, Maternal Grandmother was granted visitation with A.L.H.

{¶3}   On February 27, 2014, Paternal Grandparents filed a petition for adoption of A.L.H. with the Richland County Court of Common Pleas, Probate Division. The trial court held a hearing on July 2, 2014 to determine whether consent to adoption was required under R.C. 3107.07. Father of A.L.H. consented to adoption. Mother contested the adoption. At the conclusion of the hearing, the trial court stated on the record Mother's consent to adoption was not required pursuant to R.C. 3107.07(A). The trial court scheduled a second hearing to determine whether the adoption was in the best interest of A.L.H.

{¶4}   On December 3, 2014, a hearing was held before the trial court to determine whether the adoption was in the best interest of A.L.H. Sarah Dean of the Village Network Treatment Foster Care Agency testified at the hearing. On December 17, 2013, Dean conducted a home study pursuant to R.C. 3107.031 for the purpose of

ascertaining whether Paternal Grandparents were suitable to adopt A.L.H. Dean testified that Paternal Grandparents met the standards for adoption of A.L.H. Dean testified, however, she was concerned that if visitation with Maternal Grandmother terminated after the adoption, it would have a detrimental effect on A.L.H. Dean felt the placement with Paternal Grandparents was appropriate but adoption by Paternal Grandparents would not be the least detrimental thing for A.L.H.

{¶5}   On January 8, 2015, the trial court issued its judgment. It stated:

The Court, upon a careful and thorough review of the evidence submitted, taking into consideration the demeanor, veracity, and truthfulness, of the witness testimony and upon a careful weighing of the same determines that Petitioners [Paternal Grandparents] failed to prove by the requisite standard that the adoption would be in the best interest of the minor sought to be adopted. Accordingly, the Petition for Adoption of Minor filed February 27, 2014 is hereby dismissed.

{¶6}   It is from this judgment Paternal Grandparents now appeal.

## ASSIGNMENTS OF ERROR

{¶7}   Paternal Grandparents raise six Assignments of Error:

{¶8}   "I. THE TRIAL COURT COMMITTED ERROR BY APPLYING AN INCORRECT BURDEN OF PROOF TO THE EVIDENCE SUBMITTED.

{¶9}   "II. THE TRIAL COURT COMMITTED ERROR BY GIVING UNDUE CONSIDERATION TO THE CHILD'S VISITATION WITH HER MATERNAL GRANDMOTHER.

{¶10} "III. THE ASSESSOR'S INITIAL HOME STUDY REPORT DID NOT COMPLY WITH THE REQUIREMENTS OF OHIO REVISED CODE §3107.031 AND THE COURT ERRED IN NOT ORDERING THE ASSESSOR TO REDO OR SUPPLEMENT THE REPORT OR APPOINT A DIFFERENT ASSESSOR TO REDO OR SUPPLEMENT THE REPORT.

{¶11} "IV. THE TRIAL COURT COMMITTED ERROR IN NOT SETTING FORTH ITS REASONS FOR DENYING THE ADOPTION PETITION AS REQUIRED BY R.C. §3107.161.

{¶12} "V. THE DENIAL OF THE ADOPTION PETITION BY THE PROBATE COURT OF RICHLAND COUNTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶13} "VI. THE DENIAL OF THE ADOPTION PETITION BY THE PROBATE COURT OF RICHLAND COUNTY OHIO WAS AN ABUSE OF DISCRETION."

## ANALYSIS

### *IV.*

{¶14} We start our analysis with the fourth Assignment of Error because it is dispositive of this appeal. Paternal Grandparents argue in the fourth Assignment of Error that the trial court erred in not setting forth its reasons for denying the adoption petition pursuant to R.C. 3107.161. We agree.

{¶15} In Ohio, an adoption proceeding is a two-step process involving a "consent" phase and a "best-interest" phase. *In re Adoption of A.M.L.*, 12th Dist. Warren No. CA2015-01-004, 2015-Ohio-2224, ¶ 8 citing *In re Adoption of Jordan,* 72 Ohio App.3d 638, 645, 595 N.E.2d 963 (12th Dist.1991). The trial court in this case found

Mother's consent to the adoption was not necessary. Mother has not appealed that finding. Paternal Grandparents' arguments in this appeal concern the trial court's best interest finding.

{¶16} We review a probate court's decision to grant or deny an adoption petition under an abuse of discretion standard. *In re Adoption of Ridenour*, 61 Ohio St.3d 319, 320, 574 N.E.2d 1055 (1991). An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶17} A trial court's determination of what is in the best interest of a child in a contested adoption proceeding must be made after consideration of the factors provided in R.C. 3107.161(B). *In re Adaption of A.M.L.*, *supra*, citing *In re Adoption of Cotner,* 12th Dist. Fayette Nos. CA2002–02–004 and CA2002–02–005, 2002–Ohio–5145, ¶ 6; *In re Adoption of Kat. P.*, 5th Dist. Fairfield Nos. 10CA16, 10CA17, 2010-Ohio-3623. R.C. 3107.161(B) reads:

> (B) When a court makes a determination in a contested adoption concerning the best interest of a child, the court shall consider all relevant factors including, but not limited to, all of the following:
>
> (1) The least detrimental available alternative for safeguarding the child's growth and development;
>
> (2) The age and health of the child at the time the best interest determination is made and, if applicable, at the time the child was removed from the home;

(3) The wishes of the child in any case in which the child's age and maturity makes this feasible;

(4) The duration of the separation of the child from a parent;

(5) Whether the child will be able to enter into a more stable and permanent family relationship, taking into account the conditions of the child's current placement, the likelihood of future placements, and the results of prior placements;

(6) The likelihood of safe reunification with a parent within a reasonable period of time;

(7) The importance of providing permanency, stability, and continuity of relationships for the child;

(8) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(9) The child's adjustment to the child's current home, school, and community;

(10) The mental and physical health of all persons involved in the situation;

(11) Whether any person involved in the situation has been convicted of, pleaded guilty to, or accused of any criminal offense involving any act that resulted in a child being abused or neglected; whether the person, in a case in which a child has been adjudicated to be an abused or neglected child, has been determined to be the perpetrator of the abusive or

neglectful act that is the basis of the adjudication; whether the person has been convicted of, pleaded guilty to, or accused of a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the person's family or household; and whether the person has been convicted of, pleaded guilty to, or accused of any offense involving a victim who at the time of the commission of the offense was a member of the person's family or household and caused physical harm to the victim in the commission of the offense.

{¶18} The January 8, 2015 judgment entry of the Richland County Court of Common Pleas, Probate Division, states:

The Court, upon a careful and thorough review of the evidence submitted, taking into consideration the demeanor, veracity, and truthfulness, of the witness testimony and upon a careful weighing of the same determines that Petitioners [Paternal Grandparents] failed to prove by the requisite standard that the adoption would be in the best interest of the minor sought to be adopted. Accordingly, the Petition for Adoption of Minor filed February 27, 2014 is hereby dismissed.

"When a court makes a determination concerning the best interest of the child during an adoption proceeding, the legislature provided 11 non-exclusive factors the trial court must consider." *In re Adoption of K.R.T.*, 8th Dist. Cuyahoga Nos. 100252, 100253, 2014-Ohio-2532, ¶ 10. In this case, there is no indication in the January 8, 2015 judgment entry that the trial court considered the mandatory R.C. 3107.161(B) factors

before finding adoption was not in the best interests of A.L.H. *See In re Adoption of K.R.T.*, 2014-Ohio-2532, ¶ 11. The December 3, 2014 hearing does not reflect any discussion by the trial court of the R.C. 3107.161(B) factors.

{¶19} In light of the trial court's failure to indicate that it considered the statutory factors, we find the trial court abused its discretion in denying the petition for adoption. The January 8, 2015 judgment entry is hereby reversed and remanded. On remand, the trial court is to reconsider its decision as to whether the adoption is in the best interests of A.L.H. If the trial court reaches the same conclusion, it is to demonstrate it considered the factors set forth in R.C. 3107.161(B).

### I.-III. and V.-VI.

{¶20} Based on our finding as to the fourth Assignment of Error, we find it is premature to rule on the first, second, third, fifth, and sixth Assignments of Error.

**CONCLUSION**

{¶21} The judgment of the Richland County Court of Common Pleas, Probate Division, is reversed and remanded for further proceedings consistent with this opinion and law.

By: Delaney, J.,

Farmer, P.J. and

Wise, J., concur.