IN RE ADOPTION OF STRAWSER.

(No. 86AP-875 — Decided July 16, 1987.)

*Kemp, Schaeffer & Rowe Co., L.P.A.,* and *Harold Kemp,* for appellee Steven Strawser.

*Andrea R. Yagoda,* for appellant Larry R. Riggs.

McCORMAC, J. Larry R. Riggs, objector-appellant, has appealed from a judgment of the Franklin County Probate Court ordering the adoption of Mindy Lynn Strawser to proceed without his consent. His single assignment of error is as follows:

"The finding of the trial court that

appellant had willfully failed to care for and support the minor child and therefore his consent to the adoption was not necessary was against the manifest weight of the evidence and contrary to law."

On December 17, 1977, Mindy was born out of wedlock to Mary Strawser. While no one was named as the father on the birth certificate, there is no dispute that Larry R. Riggs was the father of the child. Sometime after the child was born, Mary refused to date Riggs any longer and on September 3, 1983 she married petitioner-appellee, Steven Strawser.

On August 9, 1984, appellee filed a petition seeking to adopt Mindy. He alleged that appellant had failed to communicate and maintain and support Mindy pursuant to R.C. 3107.07 (A) and, thus, that his consent was unnecessary. On September 4, 1984, appellant filed an objection arguing that the correct standard to apply was that contained in R.C. 3107.07(B), not R.C. 3107.07(A) as alleged. On September 20, 1984, appellee's petition was voluntarily dismissed.

On November 14, 1984, appellant filed an action under R.C. Chapter 3111 (paternity proceedings) seeking to establish a parent-child relationship between himself and Mindy and to obtain visitation rights and a support order. Mary filed a counterclaim for past and current child support and past medical expenses. On April 17, 1985, the court entered an interlocutory order finding appellant to be the father of Mindy. The case was continued for later ruling as to child support.

On April 23, 1985, appellee filed a new petition seeking to adopt Mindy. Once again, it was alleged that appellant had failed to support the child pursuant to R.C. 3107.07(A). On May 15, 1985, appellant filed an objection and again argued that the correct standard to apply was contained in R.C. 3107.07(B).

On June 6, 1985, a hearing was conducted before a probate court referee. The referee held that R.C. 3107.07(B) was the proper standard to apply for reviewing the time frame of December 17, 1977 (the date of birth) to April 17, 1985 (the date appellant was declared to be the father). The referee concluded that appellee had submitted clear and convincing evidence to establish that appellant had willfully abandoned or failed to care for and support Mindy and that, therefore, the adoption could proceed without appellant's consent.

On November 8, 1985, appellant filed his objections to the referee's report. Subsequently, in an opinion issued August 22, 1986, the probate court held that the sole criterion for evaluating appellant's conduct was found in R.C. 3107.07(B). Further, the court held that appellant had actual knowledge of his duty to support the child, that he had paid no support monies from December 1981 to the date of the filing of the petition, and that his consent was accordingly unnecessary for the adoption to proceed. On September 8, 1986, the court entered judgment dispensing with appellant's consent to the adoption.

The parties agree that appellant's conduct should be judged under R.C. 3107.07(B). Since no argument has been advanced that R.C. 3107.07(A) applies, the court has not considered that provision except as it relates to R.C. 3107.07(B) which provides as follows:

"Consent to adoption is not required of any of the following:

"* * *

"(B) The putative father of a minor if * * * the court finds, after proper service of notice and hearing, that he is not the father of the minor, or that he has willfully abandoned or failed to

care for and support the minor, or abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor, or its placement in the home of the petitioner, whichever occurs first[.]"

The trial court found that appellant had failed to care for and support the minor since December 1981, a period of over three years before the adoption petition was filed. That finding is fully supported by the record. Appellant paid support to the mother of his child during 1980 and 1981 in the sum of $1,987. Thereafter, he paid no support although she testified that she requested support on occasion. Her testimony was that appellant paid her support for the child only when she was involved in a relationship with him, and that after she terminated that relationship, he refused to pay support. After December 10, 1981, appellant purchased toys and clothes on August 24, 1984 in the value of about $133, which gifts to the child were not requested and which the mother testified provided no real value of support to Mindy since the child already had sufficient clothes and toys. The trial court correctly held that this type of gift to the child was insufficient to fulfill a duty of support. See *In re Adoption of Burton* (1981), 3 Ohio App. 3d 251, 3 OBR 283, 444 N.E. 2d 1061. Similarly, gifts to the child at Christmas did not provide for the care and support of the child. Appellant claimed that he included Mindy on his medical insurance policy through his employer which cost him $6 per month additional. However, the mother stated that appellant had taken the health card from her, which she had used a few times prior to her marriage to appellee, and that she had received no benefit from the plan nor was she aware of its continued existence since that time. The trial court properly held that this nominal contribution which was neither used nor within the knowledge of the natural mother for two or three years prior to the filing of the petition did not constitute care and support of the minor.

R.C. 3107.07(A), which applies to a parent of a minor, permits adoption in the instance where the parent has failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition. The trial court looked at the one-year period that would apply to the parent and pointed out that not only had no maintenance or support of the minor been provided by appellant during that one-year period, but also for over two years previous to that time. The trial court acknowledged that R.C. 3107.07 (B) does not contain the requirement of failure of support for at least one year, and pointed out that if only that time period were to be considered, there was clear and convincing evidence that appellant had failed to care for and maintain his child during that period of time. The trial court looked at the entire period of time where there was a failure to care for and support the minor child as is proper under R.C. 3107.07(B). Consequently, whether a one-year period or a three-year period is considered prior to the filing of the adoption petition, the result is the same. Appellant failed to support his child! Appellant's argument that any period of support after birth of the child is sufficient to preclude adoption without consent is rejected.

The trial court further found that appellant had knowledge of his duty to support his child even without a court order. He had fulfilled this duty, at least in part, during 1980 and 1981 and he had further acknowledged the duty by filing his petition in April 1985 requesting that child support be ordered.

However, R.C. 3107.07(B) does not require that there be a court order that the putative father provide care for and support of his child in order for there to be a failure to provide that support which will eliminate the necessity of obtaining his consent to an adoption. While to prove willful failure to care for and support his child there must be proof of knowledge of his obligation to support the child and the opportunity and ability to do so, this situation can occur absent court action or a formal agreement for support. The evidence fully supports the trial court's finding that appellant willfully refused to provide care and maintenance for the minor child for over three years prior to the filing of the adoption petition. Appellant was fully able to provide that support, as he had only himself to support and was earning about $35,000 per year.

There is a common-law duty for a putative father to support his child born out of wedlock. *Johnson* v. *Norman* (1981), 66 Ohio St. 2d 186, 20 O.O. 3d 196, 421 N.E. 2d 124. A willful failure to fulfill that common-law duty for a substantial period of time prior to the filing of an adoption petition can result in the determination that the putative father's consent to the adoption is not required. Determination of parentage followed by a judgment of support pursuant to R.C. Chapter 3111 is not a prerequisite for proving that a putative father has failed to provide the requisite support as referred to in R.C. 3107.07(B).

Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN and BRYANT, JJ., concur.