OPINION
Torin Snowden appeals from the judgment of the Montgomery County Probate Court which held that his consent for the adoption of his daughter Tori by his former spouse's new husband was not necessary pursuant to R.C. 3107.07(A) because he failed to communicate or provide support for the child for a year immediately proceeding the step-parent's adoption petition.
Tori Snowden was born to Torin Snowden and Shawn Snowden on May 20, 1995. The Snowdens were married a short time later and they separated in January 1998. Shawn Snowden filed for divorce on April 2, 1999 and the Snowdens were divorced on August 15, 1999. Shawn married Robert Manley, the petitioner, on December 3, 1999 and Manley filed his petition to adopt Tori on March 29, 2000. He alleged that Torin Snowden had failed to communicate with Tori for the year immediately preceding his petition.
A hearing was conducted on the petition on February 21, 2001, and on June 22, 2001, the probate court found that Torin Snowden had failed without justification to communicate and provide for the maintenance and support of Tori as required by law or judicial decree for a period of at least one year preceding Manley's adoption petition. Snowden argues that the record is undisputed that he visited briefly with Tori in May 1999 and that this visit constituted a communication within the one year period prior to the date of the petition. He also contends that his "support" requirement did not begin until he was divorced in August 1999 and therefore Manley failed to demonstrate that he failed to provide support for his daughter as required by law or judicial decree for the requisite one year period.
Manley argues for his part that the one time visit by Snowden with Tori in May 1999 was not a "communication" as contemplated by R.C. 3107.07(A). In any event Manley argues that Snowden did not provide support for Tori as required by law or judicial decree during the one year period.
Pursuant to the explicit language of R.C. 3107.07(A), failure by a parent to communicate with his or her child is sufficient to authorize adoption without that parent's consent only if there is a complete absence of communication for the statutorily defined one year period. Inre Adoption of Holcomb (1985), 18 Ohio St.3d 361 . In this case Shawn Manley conceded that Torin Manley communicated with Tori in May 1999 less than a year before the adoption petition was filed. (Tr. 8, 14, 25). Accordingly, non-communication was not demonstrated by the petitioner as required by R.C. 3107.07(A).
Although non-support was not alleged in the petition as grounds for dispensing with Torin's consent, the parties tried this issue without objection and so the probate court could consider the petition amended to conform to the evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties they shall be treated in all respects as if they had been raised in the pleadings. See, Civ.R. 15(B).
There was a conflict in the evidence presented on the non-support issue. Torin Manley testified he tried to give Tori presents during the Christmas and Easter Season and on her birthday in the year preceding the adoption but Shawn Manley told him she would not give them to her daughter but return them to the store for cash. Snowden testified he offered to buy groceries once for Tori but Shawn refused the offer. He admitted he did not provide any support to his former spouse for Tori's support from January 1998 until after the adoption petition was filed in March 2000. He admitted that he earned approximately $20,000 a year. (Tr. 55).
Shawn Manley testified that Torin never made any direct payment to her for Tori or purchased necessaries for the child from the date of their separation in January 1998 until the adoption petition was filed by her new husband. (Tr. 14, 15). She stated that Torin worked for Goodyear Tire in Dayton and then Huffman Power Equipment in Columbus.
Shawn denied she told Torin Snowden that she would return presents from Torin to Tori for cash. She said he told Torin to take the presents back and give money to her for her daughter's care. (Tr. 75). She said she told Torin his daughter didn't need presents, she needed support. She testified that after she separated from Torin she requested that Torin help pay for medications needed for Tori because they had no insurance coverage for the drugs. (Tr. 76). She said she also asked his assistance in paying for daycare for Tori since she was working and that Torin denied her request. (Tr. 77).
Pursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving by clear and convincing evidence both (1) that the natural parent has failed to support the child for the requisite one year period, and that (2) this failure was without justifiable cause. The question of whether a natural parent's failure to support his or her child is a determination for the probate court, and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. In re Adoption of Bovett (1987), 33 Ohio St.3d 102.
R.C. 3103.03(A) provides in pertinent part that the biological or adoptive parent of a minor child must support his or her minor child out of his or her property or by his or her labor. It has been held that a natural parent's ignorance of her statutory obligation to provide support for a child she has temporarily placed with another does not excuse a failure to support. In re Adoption of Kuhlmann (1994), 99 Ohio App.3d 44.
It has also long been held in this state that fathers have a common law duty to support children born to them in wedlock. In re Adoption ofMcDermitt (1980), 63 Ohio St.2d 301, 305. "A judicial decree of support simply incorporates the common law duty of support." Id.
The father's duty of support of his minor children extends only to "necessaries". 59 American Jurisprudence 2d (1971), 144, Parent and Child, Section 55, see, Kulcsar v. Petrovic (1984), 20 Ohio App.3d 104.
The Franklin County Court of Appeals has held that the purchase of toys and clothes by a natural father for a child of the value of $133 is insufficient to fulfill his duty of support where the gifts to the child are not requested and they provide her no real value of support where the mother testified the child already had sufficient clothes and toys. In reAdoption of Strawser (1987), 36 Ohio App.3d 232. See also, In re Adoptionof Knight (1994), 97 Ohio App.3d 670. The Trumball County Court of Appeals has held that the payment of some support is insufficient to satisfy the "maintenance and support" prong of R.C. 3107.07(A) where the natural parent has discretionary income which could have been used to pay additional support. In re Adoption of Cline (1993), 89 Ohio App.3d 450;In re Adoption of Wagner (1997), 117 Ohio App.3d 448.
A probate court has a mandatory duty under Civ.R. 52 to issue findings of fact and conclusions of law upon request timely made in these types of proceedings. In re Adoption of Gibson (1986), 23 Ohio St.3d 170. No request for findings was made in this case. The evidence in this case does support the probate court's finding that the natural father, Torin Snowden, failed without justifiable cause to provide for the maintenance and support as required by law or judicial decree for at least one year immediately preceding the step-father's petition for adoption. Such determination is not against the manifest weight of the evidence. In reAdoption of Bovett, supra.
The assignment is sustained in part and overruled in part. The judgment of the probate court is Affirmed in part, and Reversed in part, and isRemanded to the probate court to enter a judgment in conformance with this opinion.
GRADY, J., and YOUNG, J., concur.