DECISION
{¶ 1} On July 3, 2002, appellee, Sean Breckenridge, filed a petition to adopt his stepson, Diego Esteban Maya. Appellee had married Diego's mother, Carla, on February 5, 1999. After a hearing on December 2, 2002, the magistrate issued a decision on August 7, 2003, finding that the consent of the biological father, appellant, Diego Fernando Maya, was unnecessary for the adoption to proceed because the biological father had, without justifiable cause, failed to support his minor child as required for the one-year period prior to the filing of the petition for adoption. Appellant filed timely objections to the magistrate's decision and, within those objections, requested an extension of time to submit complete objections until 14 days after the transcript of the hearing was filed. On October 16, 2003, the trial court held a hearing on the objections at which time appellant's counsel orally requested a continuance because the hearing had not yet been transcribed. The trial court overruled the motion and permitted appellant's counsel to make arguments concerning the law. The trial court issued a judgment entry adopting the magistrate's decision.
 {¶ 2} Appellant filed a timely notice of appeal and raises the following assignments of error:
First Assignment of Error
The trial court erred when the trial court failed to review the transcript of the record prior to issuing the entry filed on October 24, 2003, wherein the trial court found that biological father-appellant had failed, without justifiable cause, to support his minor child, as required, for the one year period prior to the filing of the petition for adoption and held, therefore, that biological father-appellant's consent was not necessary for the adoption to proceed.
Second Assignment of Error
The trial court erred upon finding that biological father-appellant had failed, without justifiable cause, to support his minor child, as required, for the one year period prior to the filing of the petition for adoption and upon holding, therefore, that biological father-appellant's consent was not necessary for the adoption to proceed.
Third Assignment of Error
The trial court erred upon failing to state that it had found by clear and convincing evidence that biological father-appellant had failed, without justifiable cause, to support his minor child, as required, for the one year period prior to the filing of the petition for adoption.
 {¶ 3} By the first assignment of error, appellant contends that the trial court erred when it failed to review the transcript of the magistrate's hearing before issuing its judgment adopting the magistrate's decision which found that appellant's consent was unnecessary for the adoption to proceed because appellant had, without justifiable cause, failed to support his minor child as required for the one-year period prior to the filing of the petition for adoption. Implicit in appellant's argument is the issue of whether the trial court abused its discretion in failing to grant an extension of time to file the transcript.[1]
 {¶ 4} Loc.R. 75.11 of the Franklin County Court of Common Pleas, Probate Division, provides that a transcript is to be filed with the court within 30 days of the filing of objections or two days before the hearing, whichever occurs first. At the October 2003 hearing, appellant requested a continuance to provide the transcript of the hearing before the magistrate. Appellant's counsel explained the difficulties she was experiencing in having the transcript transcribed; however, it became clear at the hearing that appellant's counsel had not yet even ordered the transcript or brought the difficulties she encountered to the court's attention.
 {¶ 5} The decision to grant or deny a continuance lies within the discretion of the trial court. Burton v. Burton (1999),132 Ohio App.3d 473, 475. Absent an abuse of discretion, the trial court's decision will not be reversed on appeal. In order to find that the trial court abused its discretion, we must find more than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Most instances of an abuse of discretion result in decisions that are unreasonable as opposed to arbitrary and capricious. AAAA Enterprises, Inc. v. River Place CommunityUrban Redevelopment Corp. (1990), 50 Ohio St.3d 157. A decision that is unreasonable is one that has no sound reasoning process to support it.
 {¶ 6} Appellant argues that a request for an extension of time to file the transcript was made in his objections based on the following language:
Biological Father has formally requested a transcript of the hearing in this case. Biological Father moves the court to extend the time for his counsel to submit his complete Objections to the Court until fourteen (14) days after the Court stenographer has filed the transcript of the record in question in this case with the Court, and has deposited it with counsel. * * *
 {¶ 7} A plain reading of this portion of the objections demonstrates appellant only requested a continuance to file further objections, if necessary, based on a transcript that was already requested. The hearing on the objections was held on October 16, 2003, and appellant's attorney admitted she had not even ordered the transcript, did not apprise the trial court earlier of any difficulties obtaining a transcript, and did not request the continuance until that day. Given these facts, we cannot say that the trial court abused its discretion in denying the motion for continuance and by not reviewing the transcript.[2] Appellant's first assignment of error is not well-taken.
 {¶ 8} The second and third assignments of error are related and shall be addressed together. By the second assignment of error, appellant contends that the trial court's finding that appellant had failed, without justifiable cause, to support his minor child, as required, for the one-year period prior to the filing of the petition for adoption and finding, therefore, that appellant's consent was not necessary for the adoption to proceed was against the weight of the evidence. By the third assignment of error, appellant contends that the trial court erred upon failing to state that it had found by clear and convincing evidence that appellant had failed, without justifiable cause, to support his minor child, as required, for the one-year period prior to the filing of the petition for adoption.
 {¶ 9} Based on the findings by the magistrate, the trial court found that appellant's consent was not necessary for the adoption to proceed because he had failed to provide support and maintenance for the child for the one-year period prior to the petition for adoption being filed, and that failure was without justifiable cause pursuant to R.C. 3107.07(A), which provides:
Consent to adoption is not required of any of the following:
(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
 {¶ 10} The burden is on the petitioner for adoption to prove, by clear and convincing evidence, both that: (1) the biological parent has failed to support the child for the requisite one-year period; and (2) that this failure was without justifiable cause.In re Adoption of Bovett (1987), 33 Ohio St.3d 102, paragraph one of the syllabus. Once the petitioner has established, by clear and convincing evidence, that the biological parent has failed to support the child for at least the requisite one-year period, the burden of going forward with the evidence shifts to the biological parent to show some facially justifiable cause for such failure, even though the burden of proof remains with the petitioner. Bovett, at paragraph two of the syllabus. The question of whether a biological parent's failure to support has been proven by clear and convincing evidence to have been without justifiable cause is a determination for the probate court, and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. Bovett, at paragraph four of the syllabus. Judgments which are supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 11} The magistrate found that appellant admitted he had not paid any support during the requisite one-year period, nor had he filed any motions to pay child support within that time. Appellant argues that, since there was no court order of support, he was unsure of the amount which was considered sufficient support. In re Adoption of McDermitt (1980), 63 Ohio St.2d 301,305, recognized that a parent of a minor has a common-law duty of support and a "judicial decree of support simply incorporates the common-law duty of support." Even without a court order of support, appellant had a common-law duty to support his son which he admitted he failed to do, even though appellant was earning approximately $53,500 during the one-year period prior to the petition for adoption being filed.
 {¶ 12} Appellant argues that the biological mother had substantially interfered with his ability to pay support; however, the magistrate found that the mother did not interfere or discourage support by appellant. Appellant also argues that his gifts to the child were sufficient to preserve the necessity for his consent. It was uncontested that appellant gave his son a hockey jersey. Appellant also contends that he gave his son a Sony Play Station and additional gifts for Christmas in 2001. The biological mother denies such gifts were given in 2001. Even assuming there were more gifts than the hockey jersey, this court determined in In re Adoption of Strawser (1987),36 Ohio App.3d 232, the purchase of such Christmas gifts is insufficient to fulfill the duty of support where the gifts are not requested and they provide no real value of support and maintenance. Thus, there was competent, credible evidence that rises to the level of clear and convincing evidence that appellant failed to support his child for the requisite one-year period, and that the failure was without justifiable cause. Although the trial court did not use the clear and convincing language, the import of the decision is clear and the evidence, as set forth in the magistrate's decision, supports such a finding. Appellant's second and third assignments of error are not well-taken.
 {¶ 13} For the foregoing reasons, appellant's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
Klatt and Deshler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Although this court granted appellant's motion to supplement the record with the December 2, 2002 and October 16, 2003 transcripts of proceedings, the December 2, 2002 transcript was not a part of the trial court record and, as such, will not be considered by this court. State ex rel. Duncan v. ChippewaTwp. Trustees (1995), 73 Ohio St.3d 728.
[2] Appellant's motion to supplement the record filed in this court states arrangements were not made for preparation of a transcript until mid-December 2003, several weeks after the notice of appeal was filed.