## In re ADOPTION OF FORD; Michael Burkhart IV, Appellant.

[Cite as *In re Adoption of Ford,* 166 Ohio App.3d 161, 2006-Ohio-1889.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–05–42.

Decided April 17, 2006.

Dustin J. Redmond Jr., for appellant.

Shane M. Leuthold, for appellee.

---

BRYANT, Presiding Judge.

{¶ 1} Respondent-appellant, Michael Burkhart IV, appeals the judgment of the Marion County Common Pleas Court Probate Division terminating his parental rights and granting the petition for adoption in favor of petitioner-appellee, Andrew Ford ("Ford").

{¶ 2} Odessa Renee Hill was born on October 5, 2001. Toni Hill, now known as Toni Ford ("Toni"), is the biological mother, and Burkhart is the biological father. Toni and Burkhart have never been married to each other. In August 2002, Burkhart was incarcerated for 11 months after pleading guilty to a sex offense involving a minor victim. Approximately two days after Burkhart was released from prison, he reoffended. Burkhart pleaded guilty to the second offense and was incarcerated. During Burkhart's incarceration, Toni began dating Ford, and they were married on July 3, 2004.

{¶ 3} On March 25, 2005, Ford filed a petition to adopt Odessa. The petition alleged that Burkhart's parental consent was unnecessary because he had failed to communicate with Odessa for the previous one-year period without justifiable cause. The trial court held a hearing on September 18, 2005. Ford presented testimony from Toni and himself. Burkhart presented testimony from his mother, Judy Burkhart, and himself and moved two exhibits into evidence. At the close of evidence, the trial court granted the petition, finding that Burkhart had failed to communicate with Odessa for a period of one year prior to the filing of the petition. The trial court filed its judgment entry on October 18, 2005, in which it stated:

> Both the petitioner and the biological mother testified that the father had failed to communicate with the child for a period of one year immediately preceding the filing of the Petition for Adoption. The Respondent testified that he made attempts to communicate and even sent letters to the child. The Petitioner and biological mother denied that these events occurred. Therefore, this matter comes down to one of credibility of the witnesses. The Court having heard the testimony of the witnesses and observed the witnesses [sic] demeanor finds that the Respondent's testimony and that of his witness were not credible, trustworthy nor reliable. Based upon the evidence[,] the court finds by clear and convincing evidence that the father had failed without justifiable cause to communicate with the minor child for a period of at least one year immediately preceding the filing of the petition.

Burkhart appeals the trial court's judgment and asserts the following assignment of error:

> The evidence was insufficient to find that Appellant failed to communicate with his child.

■ {¶ 4} Ford filed his petition for adoption pursuant to R.C. 3107.07(A), which states:

> Consent to adoption is not required * * * when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or

judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

In this case, Ford alleged that Burkhart had failed to communicate with Odessa for at least one year prior to the filing of the petition and had failed to provide maintenance and support for the minor for at least one year prior to the filing of the petition. However, because the statute is disjunctive, the petitioner is not required to establish both the failure to communicate and the failure to support. *In re Adoption of McDermitt* (1980), 63 Ohio St.2d 301, 304, 17 O.O.3d 195, 408 N.E.2d 680; *In re Adoption of Miller,* 3rd Dist. Nos. 8–02–22 and 8–02–23, 2003-Ohio-718, 2003 WL 354941, at ¶ 16.

{¶ 5} The petitioner for adoption must produce clear and convincing evidence to support the allegations in the petition. *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 18 OBR 419, 481 N.E.2d 613, paragraph four of the syllabus.

Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and *unequivocal.*

*Cross v. Ledford* (1954), 161 Ohio St. 469, 477, 53 O.O. 361, 120 N.E.2d 118, citing *Merrick v. Ditzler* (1915), 91 Ohio St. 256, 110 N.E. 493. On review, the appellate court must determine "whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." Id. However, the trial court "is in the best position to observe the demeanor of the parties, to access [sic] their credibility, and to determine the accuracy of their testimony." *In re Adoption of Sours,* 3d Dist. Nos. 16–02–16 and 16–02–17, 2003 WL 21529922, 2003-Ohio-3583, at ¶ 10 (citing *Holcomb,* 18 Ohio St.3d at 367, 18 OBR 419, 481 N.E.2d 613).

{¶ 6} The evidence adduced at hearing covered a broad range of topics, but the following evidence is relevant to whether Burkhart had communicated with Odessa between March 25, 2004, and March 25, 2005. On behalf of Ford, Toni testified that Burkhart had no communication with her or Odessa during that time. She also stated that they did not receive birthday cards, correspondence, letters, or gifts during that time. Toni testified that she had received cards in 2002, 2003, and 2004 for Odessa from Burkhart, but they suddenly stopped in March 2004. Toni testified that she did not receive any collect calls from the prison, nor did she receive cards or calls from Judy. On his own behalf, Ford testified that he has received no phone calls, cards, letters, or other communications from Burkhart for Odessa.

{¶ 7} Judy, Burkhart's mother, testified on his behalf. Judy stated that the last letter she had forwarded to Odessa from Burkhart was approximately three weeks prior to the hearing. She stated that after Burkhart received the petition for adoption, he would mail her letters to send to Odessa, and she would copy and forward the letters to Toni's parents. Judy identified Exhibit C as a letter that Burkhart had mailed to her, which she had copied and forwarded. Exhibit C is dated April 20, 2005. Burkhart testified on his own behalf and stated that he sent letters or cards to Odessa every two to three weeks. He stated that he was unable to call Odessa at her maternal grandparents' house or on Toni's cell phone because the caller ID systems on the phones would block collect calls from prison. Burkhart claims that between March 25, 2004, and March 25, 2005, he sent approximately 19 letters to Odessa.

{¶ 8} Although the burden of proof is on the petitioner to show by clear and convincing evidence that the respondent has failed to communicate with the child, the respondent has the burden of going forward to show justifiable cause for a failure to communicate. See *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 515 N.E.2d 919, at paragraph two of the syllabus. In this case, there is clear and convincing evidence that Burkhart did not communicate with Odessa, because Toni and Ford testified they did not receive any communication from Burkhart for Odessa. Although Burkhart produced Exhibit C to evidence an attempt to communicate, we have previously held that failed attempts to communicate are not communication. *Sours*, supra, 3d District Nos. 16–02–16 and 16–02–17, 2003–Ohio–3583, at ¶ 15, citing *In re Adoption of Hedrick* (1996), 110 Ohio App.3d 622, 626–627, 674 N.E.2d 1256, citing *In re Adoption of Bradford* (1985), 18 Ohio St.3d 361, 369–370, 18 OBR 419, 481 N.E.2d 613 ("a message, gift, or other attempt to communicate that is not interfered with and not received does not constitute a communication for purposes R.C. 3107.07 [sic]"). Burkhart did not produce any evidence to show justifiable cause, such as interference, for his failure to communicate. Deferring to the trial court's determination of witness credibility, we find that there was clear and convincing evidence in the record to support the judgment. Therefore, the sole assignment of error is overruled.

{¶ 9} The judgment of the Marion County Common Pleas Court Probate Division is affirmed.

Judgment affirmed.

SHAW and CUPP, JJ., concur.